SUMMONS ISSUED

CV 12 3681

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CAROLINE SCARPINATO,

Plaintiff,

– against –

EAST HAMPTON POINT MANAGEMENT CORP.,
d/b/a EAST HAMPTON POINT, BERNARD
KRUPINSKI, and LAWRENCE DUNST,

Defendants.

COMPLAINT

FILED
U.S. DISTRICT COURT E.D.N.Y

Case No.:        JUL 2 5 2012        ★

Jury Trial Demanded     LONG ISLAND OFFICE

BIANCO, J.

BROWN, M.J.

Plaintiff, **CAROLINE SCARPINATO** (hereinafter "Plaintiff"), by and through her attorneys, **ZABELL & ASSOCIATES, P.C.** complains and alleges as follows:

## I.    PRELIMINARY STATEMENT

1. Plaintiff brings this civil action seeking declaratory relief, monetary damages and affirmative relief based upon Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. § 201-219, and violations of the New York State Labor Law, N.Y. Lab. Law § 190, *et seq.* and other appropriate rules, regulations, statutes and ordinances.

## II.    PARTIES

2. Plaintiff, **CAROLINE SCARPINATO,** was at all times relevant herein, a domiciliary of the State of New York residing in the County of Suffolk.

3. Plaintiff is currently a domiciliary of the State of Florida residing in the County of Palm Beach.

4. Upon information and belief, Defendant **EAST HAMPTON POINT MANAGEMENT CORP.** (hereinafter "East Hampton Point"), is a domestic business corporation, organized and existing under the laws of the State of New York, doing business at 295

Three Mile Harbor Road, East Hampton, NY 11937.

5. Defendant **BERNARD KRUPINSKI** was at all times relevant herein, a domiciliary of the State of New York residing in the County of Suffolk.

6. Defendant **LAWRENCE DUNST** was at all times relevant herein, a domiciliary of the State of New York residing in the County of Suffolk.

7. The individual defendants, **BERNARD KRUPINSKI** and **LAWRENCE DUNST** are co-owners of East Hampton Point.

8. As will be established at trial, the corporate Defendant, for the purposes of the claims made by Plaintiff herein, has no separate legal existence apart from the individual Defendants, and, as a result, all Defendants, individually and collectively, jointly and severally, are liable for the claims made herein.

9. At all times relevant herein, Defendants jointly and severally employed Plaintiff to manage East Hampton Point.

10. At all times relevant herein, Plaintiff was an employee within the meaning of N.Y. Lab. Law § 190(2) and the meaning of F.L.S.A. § 201, *et seq*.

### III.   **JURISDICTION AND VENUE**

11. This Court has jurisdiction over the claims presented herein pursuant to 29 U.S.C. § 201-219, known as the Fair Labor Standards Act (hereinafter "F.L.S.A"), a law of the United States regulating interstate commerce, and specifically under the provisions of Section 16 of said act, as amended 29 U.S.C. § 216(b).

12. This Court has jurisdiction over all state claims brought in this action pursuant to 28 U.S.C. § 1367(a) and N.Y. Lab. Law § 190, *et seq*.

13. This action properly lies in the United States District Court for the Eastern District of

New York, pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

14. This court has the power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

15. This Court has jurisdiction over all federal and state claims brought in this action pursuant to 28 U.S.C. § 1332.

## IV.   **FACTS**

16. Plaintiff hereby repeats and realleges each and every allegation set forth herein.

17. Defendants operate a for-profit business which has gross revenue in excess of $500,000 per annum and are engaged in the production of goods for interstate commerce and/or the use and/or handling of goods which have moved in the interstate commerce, as such terms are defined in the F.L.S.A. and are employers subject to the jurisdiction of the F.L.S.A.

18. As will be established at trial, the corporate Defendant, for the purposes and claims made by Plaintiff herein, has no separate legal existence apart from the individual Defendants and, as a result, all Defendants, individually and collectively, jointly and severally, are liable for the claims made herein.

19. Plaintiff began her employment with East Hampton Point in or about 1993.

20. As part of Plaintiff's compensation, she was entitled to a percentage of all events she booked at East Hampton Point.

21. Throughout the term of her employment with Defendants, Plaintiff generated substantial sales and revenue in the form of booked events at East Hampton Point.

22. Pursuant to her compensation structure, Plaintiff was entitled to three percent (3%) of the

gross amount for all events she booked which took place in the year 2011, and two percent (2%) of the gross amount for all events Plaintiff booked which took or take place in the year 2012.

23. In accordance with Plaintiff's compensation structure, Plaintiff was entitled to payment for her earned commissions.

24. Notwithstanding this fact, Defendants failed to provide Plaintiff with payment for her earned commissions.

25. On October 8, 2011, in an effort to rectify Defendants' non-payment of earned commissions, Plaintiff wrote an email to an employee of East Hampton Point requesting her earned commissions.

26. Despite Plaintiff's repeated demands for same, Defendants failed to pay Plaintiff earned commissions for the years 2011 and 2012.

27. Plaintiff complied with all conditions precedent for payment of her earned commissions yet Defendant willfully failed to provide Plaintiff with said commissions.

## V.   CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
(Failure to Pay Earned Commission in Violation of the New York Labor Law)

30. Plaintiff hereby repeats and realleges each and every allegation set forth herein.

31. At all relevant times, Plaintiff was an "employee" within the meaning of New York Labor Law. Similarly, at all relevant times herein, Defendants were and are an "employer" within the meaning of the New York State Labor Law.

32. As previously alleged, Plaintiff was a Manager who received commission-based wages for selling and booking events at East Hampton Point.

33. Plaintiff earned commissions on the sale of such services. Such commissions constitute "wages" within the meaning of N.Y. Lab. Law §§ 190, *et seq.*

34. Individually named defendants and Defendant East Hampton Point, however, failed to pay Plaintiff her earned commissions for the sale and booking of events that occurred in 2011 and 2012.

35. Plaintiff, therefore, is due wages from individually named Defendants and Defendant East Hampton Point, which were earned upon the completion of each sale and booking of an event.

36. As a result of the foregoing, Plaintiff has been denied earned wages required under N.Y. Lab. Law §§ 190, *et seq.*, and has suffered substantial economic damages.

37. Plaintiff is entitled to damages in an amount to be determined at trial.

38. Defendants' failure to pay Plaintiff earned commissions was "willful" as that term is defined in Article 6 of the N.Y. Lab. Law, as Defendants were aware that they were required to pay Plaintiff her earned commissions.

39. Defendants' willful failure to pay Plaintiff earned commissions violates Article 6 of the N.Y. Lab. Law.

## SECOND CLAIM FOR RELIEF
(Failure to Pay Earned Commissions in Violation of the Fair Labor Standards Act)

40. Plaintiff hereby repeats and realleges the allegations set forth herein.

41. At all relevant times, Plaintiff was an "employee" within the meaning of the F.L.S.A. Similarly, at all relevant times herein, Defendants were and are an "employer" within the meaning of the F.L.S.A.

42. As previously alleged, Plaintiff was a Manager who received commission-based wages for selling and booking events at East Hampton Point.

43. Plaintiff earned commissions on the sale of such services. These commissions constitute "wages" within the meaning of F.L.S.A. § 201, *et seq.*

44. Individually named defendants and Defendant East Hampton Point, however, failed to pay Plaintiff her earned commissions for the sale and booking of events that occurred in 2011 and 2012.

45. Plaintiff, therefore, is due wages from individually named Defendants and Defendant East Hampton Point, which were earned upon the completion of each sale and booking of an event.

46. As a result of the foregoing, Plaintiff has been denied earned wages required under the F.L.S.A. and has suffered substantial economic damages.

47. Plaintiff is entitled to damages in an amount to be determined at trial.

48. Defendants' failure to pay wages was "willful" under F.L.S.A. § 201, *et seq.* as Defendants were aware they were required to pay Plaintiff her earned commissions.

49. Defendants' willful failure to pay Plaintiff earned commissions violates the F.L.S.A.

### THIRD CLAIM FOR RELIEF
(Unjust Enrichment and Quantum Meruit)
(Plead in the Alternative)

50. Plaintiff hereby repeats and realleges the allegations set forth herein.

51. Plaintiff performed numerous and valuable services at the request of and on behalf of Defendants.

52. Plaintiff has not been paid for the reasonable value of those services. This amount is believed to be in excess of the minimum required for the jurisdiction of this Court.

53. By reason of the foregoing, Defendants are collectively and individually liable to Plaintiffs in an amount not yet determined, but believed to exceed the minimum required for this Court, plus interest and costs.

## VI.   DEMAND FOR JURY TRIAL

54. Plaintiff repeats and realleges the allegations set forth herein.

55. Plaintiff hereby demands a trial by jury.

## VII.   PRAYER FOR RELIEF

**WHEREFORE**, as a result of the unlawful conduct and actions of the Defendants herein alleged, Plaintiff respectfully requests this Court grant the following relief:

a.  On the First Claim for Relief, an amount to be determined at trial, but believed to exceed the minimum required for jurisdiction of this Court, plus liquidated damages in the amount equal to 100% of the unpaid wages for all wages earned, plus interest, attorneys' fees, and costs;

b.  On the Second Claim for Relief, an amount to be determined at trial, but believed to exceed the minimum required for jurisdiction of this Court, plus liquidated damages in the amount equal to 100% of the unpaid wages for all wages earned, plus interest, attorneys' fees, and costs;

c.  On the Third Claim for Relief, an amount to be determined at trial, but believed to be in excess of the minimum required for jurisdiction of this Court;

d.  Such other and further relief as the Court may deem just and proper.

Dated: Bohemia, New York
July 23, 2012

<div style="margin-left:40%">

ZABELL & ASSOCIATES, PC
*Attorneys for Plaintiff*

By:

Saul D. Zabell, Esq.
1 Corporate Drive, Suite 103
Bohemia, New York 11716
Tel: (631) 589-7242
Fax: (631) 563-7475
szabell@laborlawsny.com

</div>