UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
CAROLINE SCARPINATO,

                Plaintiff,

                                                ORDER
        -against-                                 12-CV-3681(JFB)(GRB)

EAST HAMPTON POINT
MANAGEMENT CORP., BERNARD
KRUPINSKI, AND LAWRENCE DUNST,

                Defendants.
---------------------------------------------------------------X

JOSEPH F. BIANCO, District Judge:

Before the Court is a Report and Recommendation from Magistrate Judge Brown, recommending that the Court grant defendants' motion to dismiss and/or for summary judgment in its entirety. No objections were filed. For the reasons set forth below, the Court adopts the R&R in its entirety.

## I. PROCEDURAL HISTORY

On July 25, 2012, plaintiff Caroline Scarpinato ("plaintiff") filed the complaint in this action against defendants' East Hampton Point Management Corporation, Bernard Krupinski, and Lawrence Dunst (collectively, "defendants"), raising, *inter alia*, a "Failure to Pay Earned Commission in Violation of the Fair Labor Standards Act ["FLSA"]" claim. Defendants moved to dismiss the original complaint on September 5, 2012, with plaintiff opposing defendants' motion on October 5, 2012, and defendants submitting their initial reply on October 18, 2012. The Court held oral argument on December 13, 2013, and orally ruled that the FLSA claim, as drafted, was insufficient; accordingly, the Court granted defendants' motion to dismiss, but permitted plaintiff to file an amended complaint.

Plaintiff subsequently filed her amended complaint on December 21, 2012, raising claims

of accrued overtime under the FLSA, unpaid commissions and accrued overtime under New York Labor Law, and unjust enrichment/quantum meruit. On December 26, 2012, defendants filed a letter requesting a pre-motion conference in anticipation of moving to dismiss plaintiff's amended complaint pursuant to Rules 11, 12, and 56 of the Federal Rules of Civil Procedure. Plaintiff submitted a response in opposition to the pre-motion conference request on January 8, 2013. On January 9, 2013, the Court held a pre-motion conference and set a briefing schedule for defendants' motion. Subsequently, defendants filed a motion to dismiss and/or for summary judgment on Feburary 7, 2013; plaintiff submitted her opposition on March 8, 2013; and defendants filed their reply on March 15, 2013. By Order dated April 11, 2013, this Court referred the parties' pending motions to Magistrate Judge Brown for a report and recommendation to address defendants' motion to dismiss for failure to state a claim and for lack of jurisdiction, and/or for summary judgment. On August 23, 2013, Magistrate Judge Brown issued a Report and Recommendation ("R&R") recommending that defendants' motion to dismiss and/or for summary be granted because there were no material issues of fact as to whether (1) plaintiff is exempt under the FLSA, or whether (2) the amount-in-controversy jurisdictional requirement is satisfied, and because (3) plaintiff had not offered evidence indicating to the contrary. Accordingly, Magistrate Judge Brown recommended that defendants' motion be granted in its entirety. The R&R further instructed that any objections to the R&R be submitted within fourteen (14) days of service of the R&R. (*See* R&R, August 23, 2013, at 21.) As indicated by the docket sheet, a copy of the R&R was mailed to plaintiff by Magistrate Judge Brown's Chambers on August 23, 2013. (*See* ECF No. 38.) No objections have been filed to date, although the date for filing any objections has expired.

## II. THE R&R'S CONCLUSIONS

Magistrate Judge Brown made the following determinations. First, he held that defendants'

motion to dismiss and/or for summary judgment was "particularly ill-suited to adjudication as a motion to dismiss." (R&R at 8.) Magistrate Judge Brown noted a compilation of factors supporting the treatment of defendants' motion as one for summary judgment, including that the affirmative defense and the inquiry required for examining whether an employee is exempt from overtime pay provisions might require a consideration of facts outside of the pleadings. (*See id.* at 8-9 (citing cases).) Because the pleadings did not set forth a sufficient record of events in order to adequately resolve the matter, the Court decided it was best to treat the motion as one for summary judgment. (*See id.* at 9 (stating that "[t]he affirmative defense requires examination of plaintiff's employment relationship and a searching inquiry into the facts[; t]his analysis cannot adequately be conducted on a motion to dismiss.").)

Second, the R&R concluded that plaintiff's FLSA claim failed because defendants had established (and plaintiff had not rebutted) that the administrative exemption to the overtime rule applied. (*Id.* at 10-15.) The R&R noted that, pursuant to Section 7(a)(1) of the FLSA, "'an employee who works more than forty hours per week must receive compensation for "employment in excess of [forty] hours...at a rate not less than one and one-half times the [employee's] regular rate."'" (*Id.* at 10 (quoting *Ramos v. Baldor Specialty Foods, Inc.*, 687 F.3d 554, 558-59 (2d Cir. 2012) (quoting 29 U.S.C. § 207(a)(1))).) An exception to this rule exists, however, where an employee is "employed in a bona fide executive, administrative, or professional capacity." (*Id.* at 11 (quoting *Ramos*, 687 F.3d at 559 (internal quotation marks omitted).) In order to make such a showing, a party must show that an employee satisfies three factors: (1) he or she is compensated at a rate not lower than $455 per week; (2) his or her primary duty is office or non-manual work directly involving management or general business operations of his or her employer; and (3) he or she holds discretion and independent judgment regarding important employment matters. (*See id.* at 11-12 (citing 29 C.F.R.

§ 541.200(a).) Because the uncontroverted evidence in the record, including plaintiff's own testimony (in a state court proceeding) and sworn affidavit, showed that plaintiff could satisfy each of these three factors (*i.e.*, she earned $750.00/week in base pay; she held and performed managerial duties (like booking events); and she exercised discretion, whether when planning events or issuing checks on behalf of defendants), Magistrate Judge Brown concluded that the administrative exemption to the overtime rule applied; accordingly, plaintiff's FLSA claim, pursuant to which she sought overtime rate under the FLSA, failed. (*See* R&R at 12-15.)

Third, the R&R held that plaintiff's claim for overtime under New York Labor Law ("N.Y.L.L.") failed for the same reasons as plaintiff's aforementioned FLSA claim. Because N.Y.L.L. applies the same exemptions as the FLSA to overtime pay, and plaintiff satisfied all of the three factors to the FLSA administrative exemption, her N.Y.L.L. claim could not prevail. (*Id.* at 16 ("[T]he NYLL mandates overtime pay and applies the same exemptions as the FLSA." (quoting *Ramos*, 687 F.3d 556) (internal quotation marks omitted).)

Fourth, the R&R determined that plaintiff's unjust enrichment/quantum meruit claim should be dismissed as a matter of law because, under established case law, where "there is an adequate remedy at law, a court will not permit a claim in equity." (*Id.* at 16 (quoting *Bongat v. Fairview Nursing Care Ctr., Inc.*, 341 F. Supp. 2d 181, 188-89 (E.D.N.Y. 2004) (internal quotation marks omitted)). Because an adequate remedy at law exists for plaintiff's claim – namely, a N.Y.L.L. claim for unpaid wages – Magistrate Judge Brown concluded that plaintiff's equitable relief claim should be dismissed. (*Id.* at 16-17 (citing *Clougher v. Home Depot U.S.A., Inc.*, 696 F. Supp. 2d 285, 295 (stating that "this Court dismisses Clougher's equitable claims for *quantum meruit* and unjust enrichment as duplicative of his statutory claims [a]s his [N.Y.L.L.] claim provides an adequate legal remedy for the conduct alleged")).)

Lastly, having concluded that summary judgment was warranted as to the overtime claims, and further, that plaintiff's equitable claim should be dismissed, the R&R turned to plaintiff's remaining claim for commissions pursuant to N.Y.L.L. Although plaintiff asserted that the Court had diversity jurisdiction over the claim, defendants disagreed. On reviewing the uncontroverted evidence in the record, including plaintiff's amended complaint (making demands for an unspecified amount of unpaid commissions), and original complaint and corresponding documentary evidence (both representing plaintiff's total commissions due as $8,462.00), Magistrate Judge Brown concluded that plaintiff had failed to satisfy the monetary requirement of diversity jurisdiction – specifically, an amount in controversy exceeding $75,000. (*Id.* at 17-19); *see also* 28 U.S.C. § 1332. The R&R drew this conclusion, even after considering whether plaintiff qualified for double damages under N.Y.L.L., and whether plaintiff was entitled to attorney's fees. (*Id.* at 19-20.) Noting that even if plaintiff qualified for double damages and there were a basis for attorney's fees in this action, plaintiff would face an uphill battle of establishing that fees – consisting of the difference between her damages (approximately $17,0000) and the jurisdictional minimum (exceeding $75,000) – were reasonable. (*Id.* at 20.) Having determined that there was no diversity jurisdiction over plaintiff's remaining claim, the R&R recommended that the Court not exercise supplemental jurisdiction over that claim (and dismiss the case in its entirety).

### III. STANDARD OF REVIEW

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objections" are made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See*

Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997).

## IV. DISCUSSION

Having conducted a review of the full record and the applicable law, and having reviewed the R&R for clear error, the Court adopts the findings and recommendations contained in the well-reasoned and thorough R&R in their entirety. Even under a *de novo* standard, the Court adopts the R&R in its entirety.[1]

---

[1] The Court also wishes to provide further explanation on the decision to exercise supplemental jurisdiction on some, but not all, of plaintiff's claims. In particular, the Court concludes that, in its discretion, it should exercise its discretion to exercise supplemental jurisdiction and grant summary judgment on the state unpaid overtime claim and unjust enrichment/quantum meruit claim because "the facts underlying the federal and state claims substantially overlap[]" and the "presentation of the federal claim necessarily [brings] the facts underlying the state claim before the court." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 704 (2d Cir. 2000); *see also Chaluisan v. Simsmetal East LLC*, 698 F. Supp. 2d 397, 401-06 (S.D.N.Y. 2010) (exercising supplemental jurisdiction in FLSA case over related state common law claims). Moreover, the legal issues on the overtime claims were the same under both federal and state law. However, the claim for failure to pay earned commissions in violation of New York State law involves factual and legal issues that are separate from the overtime claims. Therefore, the Court, in its discretion, declines to exercise supplemental jurisdiction over that time (given that the federal claim did not survive summary judgment and given the lack of diversity jurisdiction in the case). *See, e.g., McCaul v. Ardsley Union Free School Dist.*, No. 12-2300-cv, 2013 WL 673751, at *4 (2d Cir. Feb. 26, 2013) ("We conclude that the district court did not abuse its discretion in exercising supplemental jurisdiction to decide one but not all of [plaintiff's] state law claims....").

## V. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that the Court adopts the R&R in its entirety and, therefore, grants summary judgment on the FLSA claim, the overtime claim under New York Labor Law, and the unjust enrichment/quantum meruit claim. However, the Court declines to exercise supplemental jurisdiction over the unpaid commissions claim under New York State law, and thus dismisses that claim without prejudice. The Clerk of the Court shall enter judgment accordingly and close this case.

SO ORDERED.

_____
Joseph F. Bianco
United States District Judge

Dated:   September 13, 2013
         Central Islip, New York